INTERNATIONAL & G. N. RY. CO. et al. v.
RATHBLATH et al.    (No. 5330.)

(Court of Civil Appeals of Texas. Austin.
April 8, 1914. Rehearing Denied
June 3, 1914.)

1. APPEAL AND ERROR (§ 877*)—PERSONS ENTITLED TO ALLEGE ERROR.

Where trial of an action against a railroad company for damages to a shipment of goods was not delayed, and none of the company's rights were prejudiced, it cannot complain that the seller was allowed to intervene and try out his right to part of the recovery, though the plea of intervention failed to show that the interveners were necessary or proper parties; for, if the railroad company is liable, it is immaterial to whom satisfaction be made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560-3572; Dec. Dig. § 877.*]

2. CARRIERS (§ 154*)—CARRIAGE OF GOODS—LIABILITY.

While, in consideration of a lower rate, a carrier may limit its liability, a carrier is liable in case of negligent injury to an interstate shipment for the difference between the value of the goods at destination in the condition in which they would have been delivered and their condition as delivered, though the bill of lading issued under the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. Supp. 1911, p. 1307]) restricted its liability to the invoice price, where it did not appear that the shipper

received any consideration on account of limitation of liability.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 641–645, 667; Dec. Dig. § 154.*]

3. CARRIERS (§ 163*)—CARRIAGE OF GOODS—LIABILITY—DEFENSES.

Where a carrier claims a limitation of liability, it has the burden of proving that the shipper received some consideration for his consent to the limitation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 722–725; Dec. Dig. § 163.*]

Appeal from Robertson County Court; J. L. Goodman, Judge.·

Action by Abe Rathblath against the International & Great Northern Railway Company and another, in which Vacarro Bros. & Co. intervened. From a judgment for plaintiff and for the intervener, defendants appeal. Affirmed.

Perry & Woods, of Franklin, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellants. J. Felton Lane, of Hearne, and W. W. Wilson, of Calvert, for appellee.

KEY, C. J. Abe Rathblath, as plaintiff, brought this suit against the International & Great Northern Railway Company and the Texas & Pacific Railway Company seeking to recover damages in the sum of $652.50 for injuries to a car load of bananas shipped from New Orleans, La., to Calvert, Tex.

In the answers interposed by the defendants they averred, among other things, that the shipment, being interstate, was controlled by the act of Congress regulating interstate commerce, and especially by what is know as the Carmack Amendment thereto, and alleged that, by the terms of the bill of lading issued by one of the defendants and accepted by the plaintiff, it was stipulated that, if there was any loss or damage, the amount thereof was to be computed on the basis of the value of the property, the same being the bona fide invoice price thereof at the time and place of shipment, which value and invoice price was $202.95.

Thereafter Vacarro Bros. & Co. filed a plea of intervention, in which they sought to recover from the plaintiff, Abe Rathblath, the sum of $202.95, the value of the car of bananas, and prayed that; if the plaintiff recover against the defendants, the latter be required to pay $202.95 of said recovery to interveners in satisfaction of their claim against the plaintiff. The defendants interposed an exception and plea in abatement to the plea of intervention, which were overruled.

There was a jury trial, resulting in a verdict and judgment for the plaintiff against both of the defendants for $420.45, and for interveners against the plaintiff in the sum of $202.95, to be paid out of his recovery against the defendants, and both of the defendants have appealed.

[1] The first assignment of error complains of the action of the trial court in overruling appellants' exception and plea in abatement to the plea of intervention filed by Vacarro Bros. & Co. It may be conceded that interveners had no interest in the cause of action asserted by the plaintiff against the defendants, and that, if the plaintiff had objected to the plea of intervention, it would have been reversible error not to sustain such objection. But, inasmuch as the record fails to indicate that the prosecution of the plea of intervention in any wise delayed the trial of the case, and as it clearly appears that no harm resulted therefrom to the defendants, we decline to reverse the case, even though the plea of intervention failed to show that the interveners were necessary or proper parties. If appellants are liable, it is wholly immaterial to them whether they make satisfaction to the plaintiff for the interveners, and therefore we see no reason why they should be heard to complain. In fact, it seems to us that the acquiescence of the plaintiff in the course pursued by the interveners is almost equivalent to an assignment by him of so much of the cause of action as would be necessary to discharge his indebtedness to the interveners. He filed no answer to the plea of intervention, and he testified as a witness that he bought the shipment of bananas in question from the interveners and owed them therefor the amount for which they sued, and he did not object to their plea of intervention. Such being the conditions as the case is presented in this court, and as the judgment protects appellants from more than one recovery, we see no sufficient reason why the case should be reversed on account of the rulings complained of in the first assignment of error, and therefore that assignment is overruled.

[2, 3] The trial court instructed the jury, in substance, that the measure of damage was the difference at Calvert, Tex., between the reasonable market value of the bananas in the condition in which they were delivered and what would have been their condition if there had been no negligent breach of the contract of shipment; and that charge is assigned as error. It is not denied that the charge complained of is in accordance with the general rule of the common law, but it is contended that a different rule should have been applied, because of the following stipulation in the bill of lading:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper, or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

The undisputed proof shows that the invoice price was $202.95, and, if the loss had been computed upon that basis, the defendants would not have been liable for the amount adjudged against them. In Railway Co. v. Maddox, 75 Tex. 300, 12 S. W. 815, it was held that a common carrier was liable upon the basis of the value of the property at the place of destination, even though the shipment was interstate, and the contract, in consideration of a reduced rate of transportation, limited the carrier's liability to a fixed sum. In that case Chief Justice Stayton wrote an elaborate opinion, in which he conceded that the ruling there made was in conflict with decisions in other jurisdictions; and until the Carmack amendment to the act of Congress regulating interstate commerce, and the decisions of the Supreme Court of the United States construing that amendment, the Maddox Case has been uniformly followed in this state. In Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, the Supreme Court of the United States construed the Carmack amendment, and declared that its effect was to supersede all the regulations, policies, and decisions of any state upon the subject of the liability of interstate common carriers. However, it was declared in that case, as it had often been declared before by that and other courts, that a common carrier cannot exempt himself from liability for his own negligence or that of his servants, though the rigor of his common-law liability might be modified through any fair, reasonable, and just agreement with the shipper which did not include exemption from liability for negligence; and in the latter regard the law was summarized as follows:

"It has therefore become an established rule of the common law, as declared by this court in many cases, that a carrier may, by a fair, open, just, and reasonable agreement, limit the amount recoverable by a shipper in case of loss or damage to an agreed value, *made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk.*" (Italics ours.)

In support of the proposition thus announced, the court cited a long list of decisions; and we accept that proposition as a correct enunciation of the law upon the subject, but hold that appellants have not brought themselves within the class of cases there referred to, because, as the case is presented in appellants' brief, it does not appear that the agreement changing the common-law rule as to the measure of damages was made for the purpose of obtaining the lower of two or more rates, or was based upon any other valuable consideration. The charge of the court made the plaintiff's right to recover depend upon a finding by the jury that the defendants had been guilty of negligence; and, according to the rule announced in the above quotation, in order to make such an agreement valid, it must be made to appear that the shipper or consignee obtained some character of benefit as a consideration for the agreement. It is not contended in appellants' brief, nor shown by the statements therein contained, that any benefit whatever accrued to the plaintiff as a consideration for the agreement. In so far as it is made to appear from appellants' brief, he may have paid the same amount of freight that he would have been required to pay if the agreement referred to had not been made. Therefore, it not appearing that there was any consideration for that agreement, and as the burden rested upon appellants to show that fact in order to sustain the agreement, we hold that the failure to do so renders the agreement void. And in reaching that conclusion we follow the decision of the Court of Civil Appeals for the Seventh District in Railway Co. v. Scott, 156 S. W. 294.

There are some other questions presented in appellants' brief, all of which have been considered and decided against them.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.